IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRIAM OSORIO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Case No. 14-1170 |
| SHAWN GRANGER, BROOKLINE MAGISTRATE, and SUMMARY APPEALS COURT, | ) ) ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM OPINION</u>**

CONTI, Chief District Judge.

**I.     INTRODUCTION**

Pending before this court are the concurrent motions to dismiss (ECF Nos. 7 and 10) filed on behalf of the Brookline Magistrate, the Summary Appeals Court, and Shawn Granger (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Defendants pray for relief from all claims pled in the complaint filed by Miriam Osorio ("Plaintiff") on September 12, 2014 (ECF No. 2). Plaintiff seeks redress for alleged violations of 18 U.S.C. §§ 3510 and 3771 pertaining to victims' rights. This court ostensibly exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). For the reasons that follow, Defendants' motions to dismiss will be GRANTED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a resident of Jefferson Hills, Pennsylvania, was riding the Y46 bus[1] in the vicinity of the Brookline neighborhood of the City of Pittsburgh, Pennsylvania, on or about August 31, 2012, when she was physically assaulted by four assailants. Granger, a police officer with the Port Authority of Allegheny County, Pennsylvania, responded to the scene and informed Plaintiff that he would review footage from the bus camera and, following the filing of charges against the assailants, notify Plaintiff about upcoming court hearings. Plaintiff was never apprised about any hearings, and her attempts to contact court administrators and Officer Granger were met with indifference and opprobrium. Plaintiff missed a hearing on the matter scheduled for January 20, 2013. She has approximately $6,000.00 in medical bills due to injuries stemming from her assault, and has not been able to find the assailants for purposes of filing a civil suit.

Plaintiff filed a complaint, *pro se*, in this court on September 12, 2014, asserting that the combined actions of Defendants in failing to adequately prosecute the assailants in her bus attack, and alert her to upcoming hearing dates, deprived her of her rights as a victim under 18 U.S.C. §§ 3510 and 3771. (ECF No. 2). Defendants filed respective motions to dismiss on December 4, 2014, and January 9, 2015, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF Nos. 7 and 10). The matter is fully briefed (ECF Nos. 11 – 14, 19), and ripe for disposition.

## III. STANDARD OF REVIEW

"A motion to dismiss for want of standing is…properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757

---

[1] The "Elizabeth Flyer," or Y46, is a bus route operated by the Port Authority of Allegheny County between Elizabeth, Pennsylvania, and downtown Pittsburgh, Pennsylvania. Port Authority, *available at* http://www.portauthority.org/paac/default.aspx (last visited July 27, 2015).

F. 3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F. 3d 806, 810 (3d Cir. 2007)). Whether such a motion is a "facial" or "factual" attack on standing determines how the pleadings are to be reviewed. *Id.* at 357 – 58 (citing *In re Schering Plough Corp. Intron*, 678 F. 3d 235, 243 (3d Cir. 2012)). A facial attack considers only "a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the courts" due to some jurisdictional defect. *Id.* at 358. This kind of attack occurs prior to the filing of an answer or a challenge to the factual allegations of a complaint. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 889 – 92 (3d Cir. 1977)). Given that there is no factual attack in the present case, the court will "only consider the allegations of the complaint and documents referenced therein and attached thereto…in the light most favorable" to Plaintiff. *Id.* (citing *In re Schering*, 678 F. 3d at 243). Because Plaintiff is preceding *pro se*, the court will liberally interpret Plaintiff's complaint and supplemental filings. *Rhett v. N.J. State Super. Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008) (citing *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

Additionally, dismissal of a complaint or portion of a complaint is warranted under Rule 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 – 11 (3d Cir. 2009). First,

factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F. 3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the nonmoving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F. 3d at 213 (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of . . . facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F. 3d at 234 (citing *Twombly*, 550 U.S. at 555 – 56). As with a motion filed pursuant to Rule 12(b)(1), in the case of a motion to dismiss a *pro se* plaintiff's claim filed pursuant to Rule 12(b)(6), the court must liberally interpret the plaintiff's pleadings. *Rhett*, 260 F. App'x at 515. Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F. 3d at 231 – 32 (citing *Twombly*, 550 U.S. at 554 – 56). Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F. 3d at 211 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. DISCUSSION

In her complaint and submissions, Plaintiff argues that Defendants are liable for her medical expenses, as well as damages for pain and suffering she claims resulted from Defendants' failure to effectively prosecute her assailants. (ECF Nos. 2, 12, 13, and 14). Plaintiff relies primarily upon two federal statutes, and the general assumption of a right to affect the prosecution of criminal charges against her assailants, as the bases for her claims. Nevertheless, despite the regrettable circumstances alleged by Plaintiff in her pleadings, this court can afford her no relief.

As an initial matter, this court must address the issue of immunity for the judiciary and local government officials. It has long been recognized that a claim against an officeholder of the Commonwealth of Pennsylvania in his or her official capacity is a claim against the Commonwealth. *Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012). The Eleventh Amendment precludes such claims, and "Pennsylvania has not waived this immunity from suit in federal court." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Wheeling & Lake Erie Ry. v. PUC*, 141 F. 3d 88, 91 (3d Cir. 1998); 42 PA. CONS. STAT. § 8521(b)). Congress has not abrogated this immunity pursuant to its authority under the Fourteenth Amendment. *Id.* Presently, the "Brookline Magistrate," whomever that may be[2], is an official of the Commonwealth of Pennsylvania, and Plaintiff does not contest that her claims are brought against this defendant in anything other than his or her official capacity. As such, the Eleventh Amendment precludes suit against the Brookline Magistrate.

---

[2] Defendants identify James Motznik as the only Magisterial District Judge of Allegheny County, Pennsylvania, located in Brookline. (ECF No. 7 at 1). In her response (ECF No. 13 at 1), Plaintiff appears to dispute whether Motznik is the "Brookline Magistrate," but she fails to identify an alternative judge. Regardless, the exact identity of the magistrate judge is immaterial to the ultimate disposition of the present case.

5

Moreover, judicial immunity extends to the Brookline Magistrate and the Summary Appeals Court even if their actions with respect to Plaintiff's case constituted "error, were done maliciously, or were in excess of [their] authority." *Conklin*, 495 F. App'x at 263 (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F. 3d 180, 184 (3d Cir. 2009)). Procedural errors, improper favoritism of parties, *ex parte* communications, and acts in excess of jurisdiction are not sufficient to abrogate judicial immunity. *Id.* (citing *Moore v. Brewster*, 96 F. 3d 1240, 1244 (9th Cir. 1996); *Sadoski v. Mosely*, 435 F. 3d 1076, 1079 (9th Cir. 2006)). In order for Plaintiff's claims to circumvent the Eleventh Amendment's protections, she must show that the Brookline Magistrate and the Summary Appeals Court acted "in *clear* absence of *all* jurisdiction." *Id.* Plaintiff failed to allege any facts sufficient to meet that requirement. Therefore, the Brookline Magistrate and Summary Appeals Court are protected by judicial immunity.

Additionally, qualified immunity will protect Officer Granger from liability for civil damages to the extent that his conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Kelly v. Borough of Carlisle*, 544 F. App'x 129, 133 – 34 (3d Cir. 2013) (citing *Wilson v. Layne*, 526 U.S. 603, 614 (1999)). A qualified immunity determination requires this court to engage in a two-pronged analysis to decide "(1) whether the plaintiff alleged sufficient facts to establish the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the defendant's actions." *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*. 769 F. 3d 850, 858 (3d Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

Although Plaintiff believes that she has the right to demand prosecution of her assailants, the Supreme Court of the United States has explicitly stated that a private party "may not sue in federal court to require the government to bring criminal charges." *Itiowe v. Trentonian*, -- F.

App'x --, 2015 WL 4189044, at * 3 (3d Cir. Jul. 13, 2015) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "[I]n American jurisprudence…a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.*, 410 U.S. at 619; *see McCann v. Borough of Magnolia*, 581 F. App'x 125, 125 (3d Cir. 2014) (citing *Mitchell v. McNeil*, 487 F. 3d 374, 378 (6th Cir. 2007)) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Plaintiff cannot, therefore, demonstrate the existence of a clearly established right, much less the violation of said right. As such, Officer Granger is entitled to qualified immunity. Incidentally, because Plaintiff enjoys no right to sue in federal court to force the government to prosecute another, Plaintiff also lacks standing to bring the present claims. *Snyder v. Aaron*, 227 F. App'x 132 (3d Cir. 2007).

Finally, the above discussion respecting this court's jurisdiction notwithstanding, Plaintiff cannot prevail on her federal statutory claims. First, Plaintiff generally remarks that Defendants' conduct violated the "Victims' Rights Clarification Act." (ECF No. 12 at 1 – 2). Although Plaintiff failed to cite a specific provision, the court notes that the Victims' Rights Clarification Act is codified at 18 U.S.C. § 3510, and is designed to preserve the rights of victims to attend and observe the trials of those by whom they were victimized. Section 3510(a) provides, in pertinent part, that:

> **(a) Non-capital cases.**--Notwithstanding any statute, rule, or other provision of law, a United States district court shall not order any victim of an offense excluded from the trial of a defendant accused of that offense because such victim may, during the sentencing hearing, make a statement or present any information in relation to the sentence.

Section 3510 pertains only to a United States district court. Plaintiff alleged that the entirety of the actions forming the basis of her claims took place in state court, i.e. the Brookline Magistrate and Summary Appeals Court. These are not federal courts; therefore, the directive

7

that "a *United States district court* shall not order any victim of an offense excluded from…trial," cannot be used as a basis for Plaintiff's claims in her September 12, 2014 complaint. (18 U.S.C. § 3510(a)) (emphasis added).

Second, Plaintiff contends that her rights as a victim of crime were infringed by Defendants in violation of 18 U.S.C. § 3771(a) – (c). This statute will also be unavailing. Section 3771(d)(6) clearly provides that:

> **(6) No cause of action.**--Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

Additionally, Section 3771(e)(2)(A) notes that:

> **(A) In general.**--The term "crime victim" means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia.

In light of the above, it is clear that Plaintiff is not a "crime victim" within the meaning of the statute, because she was not harmed as the result of the commission of a *federal* crime. Even if Plaintiff had been the victim of a federal crime, the act does not provide her with a right to sue Defendants for failure to adhere to the provisions of § 3771.

## VI. CONCLUSION

Based upon the foregoing, it is clear that this court lacks jurisdiction over Plaintiff's claims. In addition, Plaintiff cannot assert claims against Defendants under either 18 U.S.C. § 3510 or 18 U.S.C § 3771. Accordingly, Defendants' motions to dismiss (ECF Nos. 7 and 10) will be granted. Because it appears highly unlikely that Plaintiff could amend her complaint such that an actionable claim could be filed against Defendants for the causes asserted, Plaintiff's complaint (ECF No. 2) will be dismissed with prejudice. *See Phillips v. County of Allegheny*,

515 F. 3d 224, 245 – 46 (3d Cir. 2008) (dismissal with prejudice is appropriate when leave to amend would be futile).

An appropriate order follows.

<u>*s/ Joy Flowers Conti*</u>
Joy Flowers Conti
Chief United States District Judge

Dated: August 13, 2015
cc/ecf: All counsel of record